EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

LESLIE E. OSBORNE, JR. #3740
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Les.Osborne@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 05-00117HG -01 |
| ) | |
| Plaintiff, ) | DECLARATION OF LESLIE E. |
| ) | OSBORNE, JR. |
| vs. ) | |
| ) | |
| KENNETH CHIO HENG IONG, (01) ) | |
| DOROTHY CHIU LAI YUNG, (02) ) | |
| ) | |
| Defendants. ) | |
| _____) | |

DECLARATION OF LESLIE E. OSBORNE, JR.

I, LESLIE E. OSBORNE, JR., declare and state that:

1. I am the Assistant United States Attorney assigned to prosecute the case of the United States v. Iong, et al., Cr. No. 05-00117 HG.

2. This case was indicted on March 23, 2005. The defendant first appeared on March 24, 2005. After various continuances in regard to the retention of counsel on May 2,

2005, the defendant moved to proceed pro se and that request was granted.

3.  In July of 2005, the defendant, Kenneth Iong, acting pro se, obtained copies of the documents most likely to be used in evidence by the United States.  Those records were delivered in two separate increments, that month.

4.  In May or June 2006 the newly-appointed attorney David Klein (appointed at the defendant's request) realized that he may be missing some of the discovery and asked that any missing documents be provided to him.  (His client apparently failed to deliver all of the materials that had been previously provided).

5.  Mr. Klein came to the offices of the IRS shortly thereafter.  Mr. Klein obtained the missing Bates stamped pages and had an opportunity to review the collateral materials to the investigation but requested none of those be copied.

6.  I have been informed by government counsel representing in United States in USA v. Williams, Cr. No. 06-00079 DAE that two lawyers currently represent the defendant in that murder case.

7.  In the Williams case, a death penalty qualified attorney has been appointed and will be lead counsel.  If the Department of Justice should authorize the United States Attorney's Office to proceed with the Williams matter as a death

penalty case, Mr. Klein will be second chair and/or local counsel.

8. I am informed that there is no trial date set in the <u>Williams</u> matter though there will be a status Conference in October for the purpose of determining when that case will go to trial.

9. I am informed that the July meeting in Washington, D.C. to discuss whether or not the <u>Williams</u> case should be referred as a death penalty case was set at the request of all counsel and that two earlier dates in June were offered but declined. That conference has been concluded.

10. On November 30, 2005, the defendant Iong requested counsel and withdrew from his pro se status. Mr. Klein was appointed in December 2005. The present trial date was set by stipulation.

11. The present counsel will have had nine months to prepare for their trial on the scheduled trial date.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 10th day of July, 2006, at Honolulu, Hawaii.

/s/ Leslie E. Osborne, Jr.
LESLIE E. OSBORNE, JR.